# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. BROWN, | ) No. CV 17-2738-AS |
| Plaintiff, | ) **MEMORANDUM OPINION** |
| v. | ) **AND ORDER OF REMAND** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

## I. PROCEEDINGS

On April 10, 2017, Plaintiff filed a Complaint seeking review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States

1

Magistrate Judge. (Docket Entry Nos. 13-14). On September 5, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). On December 6, 2017, the parties filed a Joint Stipulation ("Joint Stip."), setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 22, 2013, Plaintiff, formerly employed as a nurse's aide and a food service worker (AR 159, 175-76), filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging a disability onset date of May 17, 2013. (AR 134, 136). The Commissioner denied Plaintiff's applications on January 15, 2014. (AR 91-96).

On July 6, 2015, Plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge ("ALJ") Sally Reason. (AR 34-53). The ALJ also heard testimony from vocational expert ("VE") June Hagen. (See AR 53-56).

On August 10, 2015, the ALJ denied Plaintiff's applications. (See AR 13-24). Applying the five-step sequential process, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since May 17, 2013, the alleged onset

date. (AR 15). At step two, the ALJ found that Plaintiff's history of back strain and major depressive disorder are a severe impairments.[1] (AR 15). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 16). The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC")[2] to perform medium work[3] with the following limitations: "occasionally stoop and climb; and limited to frequent contact with the public, coworkers, and supervisors." (AR 17). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a "CNA/nurse aide." (AR 22). At step five, the ALJ, relying on the VE's hearing testimony, found that Plaintiff, with her age, education, work experience and RFC, could perform the following representative jobs existing in significant numbers in the national economy: "Cook Helper" (Dictionary of Occupational Titles ("DOT") 317.687-010) and "Hand Packager" (DOT 920.587-018). (AR 24). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Social Security Act, from May 17, 2013, through the date of the decision. (Id.).

---

[1] The ALJ found Plaintiff's history of left plantar fasciitis, atypical chest pain, and hyperthyroidism to be non-severe. (AR 16).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

3

The Appeals Council denied Plaintiff's request for review on February 9, 2017. (AR 1-3). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

### III. STANDARD OF REVIEW

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

### IV. DISCUSSION

Plaintiff contends that the ALJ erred in "silently" rejecting limitations opined by non-examining state agency consultant Douglas Robbins, Ph.D., by failing to discuss Dr. Robbins's opinion. (Joint Stip. at 4-7, 10-11). After consideration of the parties' arguments

4

and the record as a whole, the Court finds that Plaintiff's claim warrants remand for further consideration.

**A.      The ALJ Failed To Consider Dr. Robbins's Opinion**

The Commissioner's Regulations provide that ALJs "are not required to adopt" agency medical consultants' opinions, "but they must consider this evidence . . . because [the Administration's] Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1); see also Social Security Ruling 96-6p, 1996 WL 374180 (July 2, 1996) (an ALJ may not ignore the opinions of a consultative examiner, and must explain the weight accorded to such opinions in their decision); 20 C.F.R. §§ 404.1527(e), 416.927(e).

Dr. Robbins reviewed Plaintiff's medical records and opined, on November 8, 2013, that Plaintiff is "[n]ot significantly limited" in her ability to understand, remember and carry out "very short and simple instructions," and she "is able to understand, remember, and follow simple 1-2 step procedures." (AR 68, 83). Dr. Robbins stated that Plaintiff is "[m]oderately limited" in her ability to understand, remember and carry out "detailed instructions." (AR 68, 83). He further opined that Plaintiff "is able to maintain attention/concentration for 2 hr periods to complete simple tasks" and "would be able to work an 8-hr day utilizing all regularly afforded breaks/rest periods." (AR 68-69, 83). He also stated that Plaintiff is "[m]oderately limited" in her ability to interact

appropriately with the general public, but she "can tolerate infrequent/casual interactions with co-workers, supervisors, and the public." (AR 69, 84). He noted that Plaintiff's "[s]upervisory environment should be of a supportive nature." (AR 69, 84).

In her decision, the ALJ failed to mention or address Dr. Robbins's psychological assessment. The ALJ's RFC did not include any mental or social limitations other than "frequent contact with the public, coworkers, and supervisors." (AR 17). Moreover, the ALJ gave "little weight" to the only other mental assessment in the record, that of psychiatric consultative examiner Gurmanjot Bhullar, M.D., (AR 22), who found no mental or social limitations. (AR 421-22).

Defendant contends that the ALJ did not "reject" Dr. Robbins's opinion, in part because the opinion "does not preclude complex work, but rather notes moderate limitations in that area and affirms that Plaintiff can do simple work." (Joint Stip. at 9). Defendant further claims that Dr. Robbins's opinion is consistent with the jobs that the ALJ found Plaintiff capable of performing. (Id. at 9-10). Therefore, Defendant asserts that the ALJ's failure to address the opinion is not reversible error. (Id.).

The Court disagrees. Dr. Robbins effectively limited Plaintiff to "simple 1-2 step procedures."[4] (AR 68, 83). Both of the jobs

---

[4] Specifically, when asked to "[e]xplain in narrative form the presence and degree of specific understanding and memory capacities and/or limitations," Dr. Robbins wrote that Plaintiff "is able to

6

that the ALJ found Plaintiff capable of performing – "Cook Helper" (DOT 317.687-010) and "Hand Packager" (DOT 920.587-018) — require Level 2 reasoning, which entails "[a]pply[ing] commonsense understanding to carry out <u>detailed</u> but uninvolved written or oral instructions." DOT 317.687-010, 920.587-018 (emphasis added). In <u>Rounds v. Comm'r of Soc. Sec. Admin.</u>, 807 F.3d 996, 1003 (9th Cir. 2015), the Ninth Circuit held that a limitation to "one- and two-step tasks" conflicts with the demands of Level Two reasoning.[5] The Ninth Circuit noted that this conflict "is brought into relief by the close similarity between [a limitation to one- and two-step tasks] and Level One reasoning," which "requires a person to apply 'commonsense understanding to carry out simple one- or two-step instructions.'" <u>Id.</u>

Accordingly, the ALJ erred in failing to address or otherwise account for Dr. Robbins's opinion, including the limitation to "simple 1-2 step procedures," and such error was not harmless.[6] <u>See,</u>

---

understand, remember, and follow simple 1-2 step procedures." (AR 68, 83).

[5] This is distinct from a limitation to "simple tasks." Courts have found that a person who is limited merely to "simple tasks" can perform jobs that require Level 2 reasoning. <u>See, e.g.</u>, <u>Abrew v. Astrue</u>, 303 F. App'x 567, 569 (9th Cir. 2008) (finding "no conflict between the ALJ's step five determination that [the claimant] could complete only simple tasks and the [VE's] testimony that [the claimant] could do jobs that [require] 'Reasoning Level 2'"); <u>Meissl v. Barnhart</u>, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) (finding that plaintiff's ability to perform "simple tasks . . . that had some element of repetitiveness to them" indicated a reasoning level of 2).

[6] Dr. Robbins's assessment of Plaintiff's social limitations also differs from the RFC, as Defendant acknowledges. (<u>See</u> Joint Stip. at 9). Dr. Robbins opined that Plaintiff "can tolerate <u>infrequent/casual</u> interactions with co-workers, supervisors, and the

7

e.g., Cardoza v. Astrue, 2011 WL 1211469, at *1 (C.D. Cal. Mar. 29, 2011) (finding that the ALJ erred "because he failed to explain why he implicitly rejected the opinion of . . . one of the State agency medical and psychological consultants, that plaintiff's mental impairment limited her to performing one and two-step repetitive work tasks"); Garcia v. Colvin, 2016 WL 6304626, at *6 (C.D. Cal. Oct. 27, 2016) ("[T]the ALJ's simple, repetitive tasks RFC limitation is . . . plainly inconsistent with [the state agency reviewing psychologist's] 'easy 1, 2 step directions' limitation which the ALJ decision never mentions. The ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations."); Wilson v. Colvin, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017) ("Following Rounds, a number of district courts in this Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." (collecting cases)).

**B.  Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's

---

public," and the "[s]upervisory environment should be of a supportive nature." (AR 69, 84 (emphasis added)). The ALJ found only that Plaintiff is "limited to frequent contact with the public, coworkers, and supervisors." (AR 17 (emphasis added)). The jobs of "Cook Helper" and "Hand Packager" require a level of interaction that is "not significant," (DOT 317.687-010, 920.587-018), but it is unclear whether the nature of that interaction would conflict with Dr. Robbins's assessment.

8

discretion.  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Since the ALJ failed to specifically address or otherwise account for Dr. Robbins's opinion, it is unclear whether the ALJ properly considered the opinion in assessing Plaintiff's RFC.  Even if the ALJ properly credits or takes Dr. Robbins's opinion into account, the record does not affirmatively establish that Plaintiff is disabled.  The Court remands for further proceedings so that the ALJ can consider Dr. Robbins's opinion, as well as address and resolve any other issues, as necessary.

//

//

//

**V. ORDER**

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 7, 2018

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE